USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

UNITED STATES OF AMERICA,

    -against-

RIQUELMI DIAZ-ABREU,

                Defendant.

-------------------------------------------------------------x

08 Cr. 553 (SHS)
<u>OPINION & ORDER</u>

SIDNEY H. STEIN, U.S. District Judge.

    Riquelmi Diaz-Abreu files this *pro se* application pursuant to 28 U.S.C. § 2255 to vacate his sentence.

**I.   BACKGROUND**

    Petitioner was charged with conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 846. On January 26, 2009, he pled guilty before Magistrate Judge Kevin Nathaniel Fox. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Magistrate Judge Fox addressed Diaz-Abreu personally in open court to determine whether his plea was knowing and voluntary. After reviewing the plea allocution transcript, on May 1, 2009 this Court accepted petitioner's guilty plea. Petitioner was subsequently sentenced principally to 72 months in prison. Petitioner did not appeal.

    Petitioner filed this motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on April 6, 2010. He claims that (1) his counsel was ineffective at his plea hearing and, as a result, his guilty plea was unknowing and involuntary; and (2) his sentence of 72 months

1

was both procedurally and substantively unreasonable. For the reasons set forth below, this motion is denied.

## II. DISCUSSION

### A. Ineffectiveness of Counsel

Diaz-Abreu alleges that his counsel was ineffective because counsel spent a minimal amount of time with him and failed to explain the contents of his plea agreement. Petitioner claims that he consequently did not understand the terms of his plea agreement, which included a limited waiver of the right to appeal, and he believed he would receive a shorter sentence than he in fact did. Ineffective assistance of counsel, he contends, caused him to make an unknowing and involuntary guilty plea.

To establish a claim of ineffective assistance of counsel, a defendant must show both that: (1) his counsel's performance was objectively unreasonable under professional standards prevailing at the time, and (2) his counsel's deficient performance resulted in prejudice to his case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009). Under the first prong, a defendant must establish that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *See Strickland*, 466 U.S. at 687. There is a "strong presumption" that defense counsel's conduct fell within the broad spectrum of reasonable professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (citing *Strickland*, 466 U.S. at 688-89). To satisfy the second prong, the defendant must show that "[t]here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner's ineffective assistance of counsel claim fails under the *Strickland* test. At his plea allocution, Diaz-Abreu stated under oath that he had a sufficient opportunity to speak with his attorney about the charge and how he wished to plead. (Tr. of Plea Allocution dated Jan. 26, 2009 at 7:1-4.) Petitioner specifically acknowledged that he reviewed the written plea agreement with his attorney (*id.* at 13:23-25) and that he was satisfied with the assistance his attorney had provided (*id.* at 7:5-8).

Furthermore, petitioner stated under oath that he understood the consequences of his guilty plea. Petitioner acknowledged that a guilty plea could result in deportation (*id.* at 7:16-19) and a potential range of sentences from ten years to life imprisonment (*id.* at 9:10-12; 10:6-9). Petitioner also acknowledged the limited waiver of his right to appeal set forth in his plea agreement. (*Id.* at 14:18-22.) He stated under oath that he committed the offense by working with another person to package heroin and to transport cocaine (*id.* at 16-17), and his guilty plea was voluntarily made (*id.* at 15:19-24).

Petitioner's allegations in this application that counsel failed to discuss the contents of the plea agreement with him directly contradict his earlier statements under oath. "The district court is entitled to accept a defendant's statements under oath at a plea allocution as true." *United States v. Maher*, 108 F.3d 1513, 1521 (2d Cir. 1997). Diaz-Abreu is not entitled to another hearing simply because, after receiving his sentence, he changed his mind about his counsel's effectiveness at the plea hearing. Even assuming that his assertions about his limited contact with counsel are true, his claim would still fall short under Strickland. *See Condon v. Smith*, 1986 WL 14604 (E.D.N.Y. 1986) (the "amount of time spent . . . , though perhaps less than ideal, was sufficient to constitute reasonably competent assistance of counsel"). Petitioner has not demonstrated that the

3

amount of interaction he had with counsel was either objectively unreasonable or prejudicial. Accordingly, the ineffective assistance of counsel claim is denied.

### B. Procedural and Substantive Reasonableness

Diaz-Abreu also claims that his 72-month sentence is procedurally and substantively unreasonable because this Court failed to consider a relevant factor pursuant to 18 U.S.C. § 3553(a).

#### *1. Petitioner's Sentence was Procedurally Reasonable*

For a sentence to be procedurally reasonable, "a district court must (1) normally determine the applicable [United States Sentencing] Guidelines range, (2) consider the Guidelines along with the other factors under 18 U.S.C. § 3553(a), and (3) determine whether to impose a Guidelines or a non-Guidelines sentence." *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007); *see also United States v. Canova*, 485 F.3d 657, 679 (2d Cir. 2007) (discussing procedural reasonableness).

At sentencing, this Court adopted the findings of fact in the Presentence Report ("PSR"). This Court found the offense level to be 33, the criminal history category to be I, and the resulting Guidelines range to be 135 to 168 months' imprisonment. (Tr. of Sentencing Hearing dated Aug. 12, 2009 at 26:19-21.) This Court then specifically set forth that it had "taken into account all of the factors in [18 U.S.C. §] 3553(a), including the guideline range themselves and all the policy statements within the guidelines, as well as every item listed in [18 U.S.C. §] 3553(a)." (*Id.* at 29:5-8.)

In particular, petitioner alleges that this Court failed to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), because similarly situated

defendants received shorter sentences. However, at petitioner's sentencing hearing, this Court addressed at substantial length whether petitioner was similarly situated with other defendants. (*Id.* at 9-16.) In contrast to several millworkers who had received lighter sentences and had worked in the conspiracy for shorter periods of time, Diaz-Abreu had worked for the drug conspiracy for one year, personally delivered drugs to customers, and was trusted as the custodian of millions of dollars of cocaine. Because Petitioner played a larger role in the conspiracy than others, he received a longer sentence than certain others in this wide-ranging conspiracy. (*Id.* at 24:1-13.)

After considering all of the factors enumerated in 18 U.S.C. § 3553(a), this Court determined that a non-Guidelines sentence would be appropriate. Because petitioner satisfied each of the conditions set forth in 18 U.S.C. § 3553(f) for relief from the statutory minimum sentence, he benefited from the safety valve. Because this Court correctly calculated the Guidelines range and specifically took into account all of the factors under 18 U.S.C. § 3553(a), the sentence was procedurally reasonable. *See Villafuerte*, 503 F.3d at 206; *Canova*, 485 F.3d at 679.

### 2. *Petitioner's Sentence was Substantively Reasonable*

"Substantive reasonableness involves the length of the sentence imposed in light of the factors enumerated under 18 U.S.C. § 3553(a)." *Villafuerte*, 503 F.3d at 206; *see also Canova*, 485 F.3d at 679 (discussing substantive reasonableness). In this instance, the Guidelines range was 135 to 168 months' imprisonment. Diaz-Abreu had participated in a massive drug conspiracy for one year and had acted as a millworker as well as a trusted drug carrier. In addition, there was an active warrant outstanding as a result of his illegal entry into the United States in 2004. (PSR at 53-54.) The sentence of

5

72 months' imprisonment is a reduction from the bottom of the Guidelines range by about 50% and is approximately 40% below the statutory mandatory minimum of 120 months. (Tr. of Sentencing Hearing at 24.) Accordingly, Petitioner's 72-month sentence was substantively reasonable.

## III.  CONCLUSION

Because Petitioner had the effective assistance of counsel and his sentence was determined by proper procedures and the relevant statutory factors, Diaz-Abreu's section 2255 application is denied.

Dated: New York, New York
       May 3, 2009

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.